PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JAMES J. MURRAY, | ) |
| | ) CASE NO. 4:17CV1176 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| NORFOLK SOUTHERN | ) |
| RAILWAY COMPANY, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) [Resolving ECF Nos. 33 and 34] |

Pending is Defendant's Motion for Leave to File Response in Further Support of its Motion for Partial Summary Judgment (ECF No. 33).

Also pending is Defendant's Motion to Strike Plaintiff James J. Murray's Affidavit (ECF No. 34).

**I. Motion for Leave to File Response in Further Support (ECF No. 33)**

On August 15, 2018, the Court granted Plaintiff's Motions for Leave to File Sur-Reply Brief (ECF No. 28) and to Supplement His Response (ECF No. 30). *See* Order (ECF No. 32). In response, Defendant filed ECF No. 33 to address the new facts and arguments that are raised in both of Plaintiff's filings (ECF Nos. 28-1 and 30). For good cause shown, Defendant's Motion for Leave to File Response in Further Support (ECF No. 33) is granted.

(4:17CV1176)

### II. Motion to Strike Plaintiff's Affidavit ([ECF No. 34](#))

Plaintiff attests that on the morning of his injury, locomotive NS 5632 was located at the Kensington Siding and was ready for immediate departure.

> 1. I am the Plaintiff in the above captioned case and I am completely familiar with the facts surrounding the injury I sustained on November 15, 2015, at the Kensington Siding, while working for Norfolk Southern Railway Company as an engineer.
> 2. When I arrived at the Kensington Siding on the morning of my injury, the train I was assigned to work on was ready for *immediate departure*.
> 3. At pages 134 and 135 of my deposition (Motion Response Exhibit 1), I explained the details of the *visual* locomotive engine inspections which I was required to make before the dispatcher released the train onto the main line. The locomotive engine inspections which I was going to make at the time of my injury on NS 5632 and NS 6354 are part of the normal duties of an engineer in connection with his pre-departure preparation of a train. The *visual* pre-departure inspection of a locomotive which an engineer makes only takes five to ten minutes.

[ECF No. 28-1 at PageID #: 609](#) (emphasis added). Defendant argues that the work train was not ready for imminent departure because Plaintiff had to complete inspections of two engines, call the dispatcher, be granted permission to move the train, then move the train to the main line to begin working. Deposition of Plaintiff ([ECF No. 18-1](#)) at PageID #: 160, 171.

Defendant moves the Court to strike Plaintiff's affidavit because (1) it contains legal conclusions that are not proper admissible evidence for summary judgment purposes and (2) it contradicts Plaintiff's previous deposition testimony and is an attempt to manufacture an issue of fact. According to Defendant, "immediate departure" (even though not using the exact term, "imminent") is a term of art and is a determination to be made by the Court, not the Plaintiff. Defendant summarily argues that ¶ 2 of Plaintiff's affidavit should be stricken on the basis that it

2

(4:17CV1176)

is a legal conclusion. Plaintiff asserts the Court should exercise its discretion regarding ¶ 2 as to whether the word "immediate" is a legal conclusion or a factual statement.

"A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony." *Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 460 (6th Cir. 1986) (citing *Biechele v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984)). The Court finds that Defendant's second reason for striking Plaintiff's affidavit is lacking in merit. Rather than contradicting Plaintiff's previous deposition testimony, ¶ 3 of Plaintiff's affidavit merely highlights a portion of it. Moreover, Plaintiff's statement that the engineer's visual pre-departure inspection of a locomotive only takes five to 10 minutes is entirely consistent with other testimony in the record from Mr. Carlutu. *See* Deposition of Travis Carlutu (ECF No. 30-1) at PageID #: 623, Page 17 ("[a]nywhere from five to 15 minutes").

Defendant's Motion to Strike Plaintiff James J. Murray's Affidavit (ECF No. 34) is denied.

### III. Conclusion

Defendant's Motion for Leave to File Response in Further Support (ECF No. 33) is granted. Defendant's Response in Further Support of its Motion for Partial Summary Judgment (ECF No. 33-1) is deemed filed as of today.

Defendant's Motion to Strike Plaintiff James J. Murray's Affidavit (ECF No. 34) is denied.

(4:17CV1176)

Counsel are reminded that this case is set for a jury trial on November 13, 2018.  *See* Civil Trial Order ([ECF No. 15](#)).

IT IS SO ORDERED.

  October 17, 2018           */s/ Benita Y. Pearson*    
Date                                   Benita Y. Pearson
                                        United States District Judge